UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JOHNNY ADAMS                                   CIVIL ACTION NO. 19-cv-0366

VERSUS                                         JUDGE WALTER

ACE AMERICAN INSURANCE CO., ET AL   MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Johnny Adams ("Plaintiff") filed this suit in state court for damages he sustained in an auto accident. Defendants Asphalt and Fuel Transport, LLC ("Asphalt") and Ace American Insurance Company ("Ace") removed the case to federal court on the basis of diversity jurisdiction, which puts the burden on the removing parties to show complete diversity of citizenship and an amount in controversy of $75,000.

The notice of removal states that Plaintiff is a *resident* of Caddo Parish, Louisiana and that defendant Van Grooms is a *resident* of Tulsa, Oklahoma. Defendants assert that this establishes their citizenship in those states. It is domicile rather than mere residency that decides citizenship for diversity purposes, and "[i]t is well established that an allegation of residency does not satisfy the requirement of an allegation of citizenship." Great Plains Trust Co. v. Morgan Stanley, 313 F.3d 305, 310 n. 2 (5th Cir. 2002), quoting Strain v. Harrelson Rubber Co., 742 F.2d 888 (5th Cir. 1984). A person may reside in multiple states simultaneously, but "[a]n individual who resides in more than one State is regarded, for purposes of federal subject-matter (diversity) jurisdiction, as a citizen of but one State." Wachovia Bank v. Schmidt, 126 S. Ct. 941, 951 (2006). That is the state in

which the person is domiciled.  Id.; Acridge v. Evangelical Lutheran Good Samaritan Soc., 334 F.3d 444, 451 (5th Cir. 2003).  The removing defendants will need to amend their notice of removal to allege the state in which each individual party is domiciled and, thus, a citizen.

Defendants state in their notice of removal that Asphalt is a foreign limited liability company incorporated and domiciled in the State of Oklahoma, with its principal place of business in Oklahoma.  The citizenship of an LLC is determined by the citizenship of all of its members, with its state of organization or principal place of business being irrelevant. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008).  "A party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation."  Settlement Funding, L.L.C. v. Rapid Settlements, Ltd., 851 F.3d 530, 536 (5th Cir. 2017).  If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be. Mullins v. TestAmerica Inc., 564 F.3d 386, 397-98 (5th Cir. 2009); Rodidaco, Inc. v. Chesapeake Energy Louisiana Corp. 2018 WL 3551525 (W.D. La. 2018).  Defendants must amend their notice of removal to allege specific facts with respect to the citizenship of the members of Asphalt.

The notice of removal states that Ace is a foreign insurance *company* organized under the laws of the state of Pennsylvania, with its principal place of business in Pennsylvania.  The notice does not specify Ace's form of entity. To avoid any doubt about

subject-matter jurisdiction, the removing defendants should include in their amended notice of removal specific allegations with respect to the form of entity of Ace. If it is a corporation, the allegations regarding its citizenship are sufficient.

Requiring such detailed information may seem like an imposition, but the court has an obligation to examine the basis of its subject-matter jurisdiction even if no party contests it. The parties also have an interest in determining early on whether the court has jurisdiction, so as to avoid wasting time and resources in an improper court. The Fifth Circuit also examines such issues on its own, and parties that have won before the district court have seen cases dismissed or remanded when they did not ensure that their district court pleadings included specific information about the citizenship of each party. See, e.g., Howery v. Allstate Ins. Co., 243 F.3d 912 (5th Cir. 2001); Mullins v. TestAmerica, Inc., 300 Fed. Appx.259 (5th Cir. 2008); and Bank of America, N.A. v. Fulcrum Enterprises, LLC, 2016 WL 1084225 (5th Cir. 2016). Accordingly, defendants must amend their notice of removal to comply with the rules set forth above. The deadline for filing the amended notice of removal is **April 12, 2019**.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 27th day of March, 2019.

Mark L. Hornsby
U.S. Magistrate Judge